1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   PHILIP F. ATKINS-PATTENSON, Cal. Bar. No. 94901
2  TED C. LINDQUIST, III, Cal. Bar No. 178523
   Four Embarcadero Center, Seventeenth Floor
3  San Francisco, California 94111
   Telephone: (415) 434-9100
4  Facsimile: (415) 434-3947
   E-mail: patkinspattenson@sheppardmullin.com
5          tlindquist@sheppardmullin.com

6  Attorneys for Defendant
   DELTA AIR LINES, INC.
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   (SAN FRANCISCO DIVISION)

11

12  SPENCER R. MCMULLEN, suing          Case No. CV 08-1523 (JSW)
    individually and on behalf of all others
13  similarly situated,
                                        **DECLARATION OF PHILIP F.**
14             Plaintiff,               **ATKINS-PATTENSON IN**
                                        **SUPPORT OF DEFENDANT**
15       v.                             **DELTA AIR LINES, INC.'S**
                                        **MOTION TO DISMISS**
16  DELTA AIR LINES, INC., and
    defendant Does 1 through 100,       (Filed concurrently with Delta Air
17  inclusive.                          Lines, Inc.'s Notice of Motion and
                                        Motion to Dismiss; Declaration of Scott
18             Defendants.              McClain)

19                                      Date:          September 5, 2008
                                        Time:          9:00 A.M.
20                                      Courtroom:     2 (17th Floor)

21
                                        Complaint Filed:  March 19, 2008
22                                      Served:           June 16, 2008

23

24       I, Philip F. Atkins-Pattenson, hereby declare:

25

26       1.    I am an attorney admitted to practice before all courts in the State

27  of California and am a member of the bar of this Court in good standing.

28

1      2.     I am a partner in the law firm Sheppard, Mullin, Richter &
2  Hampton LLP, attorneys for defendant Delta Airlines, Inc. ("Delta").
3

4      3.     I have personal knowledge of the matters stated herein and, if
5  called as a witness, could and would competently testify thereto.
6

7      4.     I make this Declaration in support of Delta's motion to dismiss,
8  filed concurrently herewith.
9

10     5.     Attached hereto as Exhibit 1 is a true and correct copy of the
11 First Amended Class Action Complaint in *Maria Sanchez v. Compania Mexicana*
12 *De Aviacion S.A.*; United States District Court for the Central District Case No. CV
13 07-7196 R (RCx) (the "*Mexicana Airlines*" case)
14

15     6.     Attached hereto as Exhibit 2 is a true and correct copy of the
16 Court's Findings of Fact and Conclusions of Law in the *Mexicana Airlines* case.
17

18     7.     Attached hereto as Exhibit 3 is a copy of the California Court of
19 Appeal decision in *Waul v. American Airlines, Inc.*, 2003 WL 22719273 (Cal. App.
20 1 Dist. Nov. 17, 2003).
21

22     I declare under penalty of perjury under the laws of the United States
23 that the foregoing is true and correct.
24

25     Executed this 7th day of July 2008 at San Francisco, California.
26

27  _____
                    Philip F. Atkins-Pattenson
28

# EXHIBIT 1

James S. Cahill, Esq. (SBN 070353)
Talin K. Tenley, Esq. (SBN 217572)
**THE ROSSBACHER FIRM**
811 Wilshire Blvd., Suite 1650
Los Angeles, California 90017-2666
Telephone: (213) 895-6500
Facsimile: (213) 895-6161
Email: jsc@rossbacher.xohost.com
tkt@rossbacher.xohost.com

Attorneys for Plaintiff MARIA
SANCHEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>COMPANIA MEXICANA DE AVIACION S.A., doing business as MEXICANA AIRLINES and DOES 1 through 100, inclusive,<br><br>    Defendants, | Case No.: CV 07-7196 R (RCx)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>  1. **BREACH OF WRITTEN CONTRACTS;**<br>  2. **BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING;**<br>  3. **UNJUST ENRICHMENT; AND**<br>  4. **MONEY HAD AND RECEIVED**<br><br>DEMAND FOR JURY TRIAL |

1

**FIRST AMENDED COMPLAINT**

1    Plaintiff, Maria Sanchez, individually and on behalf of all others similarly

2    situated, upon knowledge as to herself and her own acts, and upon information and

3

4    belief as to all other matters, alleges as follows:

5                              **NATURE OF THE ACTION**

6    1.          Defendant Compania Mexicana De Aviacion S.A., doing business as

7

8    Mexicana Airlines (hereinafter "Defendant" or "Defendant Airline") collects a

9    tourism tax imposed by the Mexican government from all passengers traveling on

10
     Defendant Airline on international flights between California and Mexico.
11

12   Defendant Airline, in turn, is supposed to remit the tourism tax receipts to the

13   Mexican government.  The Mexican tourism tax is collected by Defendant Airline

14
     from its airline passengers as part of the price of each passenger's airline ticket
15

16   purchased from Defendant in California.  However, passengers who are residents

17   (holding FM-2 or FM-3 Visas) or citizens of Mexico, as well as diplomats, children

18
     under two years of age and persons staying in Mexico less than 24 hours are exempt
19

20   from paying the Mexican tourism tax.

21   2.          In breach of their passengers' written contracts for air travel, Defendant

22

23   Airline has been unjustly enriched by improperly collecting from those passengers

24   who are exempt from the Mexican tourism tax the amount of money equal to that

25   tax.

26
     3.          This class action seeks to restore to Plaintiff and the Class members the
27

28   amount of the Mexican tourism tax improperly collected by Defendant Airline

6202.003/1ST AMENDED COMPLAINT.MEXICANA                                    **FIRST AMENDED COMPLAINT**

1  including, without limitation, relief in the form of damages and restitution, as

2  requested in each cause of action.

3

4  **JURISDICTION AND VENUE**

5      4.      This court has subject matter jurisdiction over this class action.  This

6  court has personal jurisdiction over the parties because Plaintiff submits to the

7  jurisdiction of this court, and at all times material to this complaint Defendant

8  Airline systematically and continually conducted business within Los Angeles

9  County, California.

10

11      5.      Venue as to Defendant Airline is proper in this court pursuant to Code

12  Civ. Proc. §§ 395(a) and 395.5.

13

14      6.      Federal subject matter jurisdiction does not exist for the claims for

15  relief asserted in this complaint.  There is no federal question jurisdiction here.  The

16  claims asserted herein only allege violations of California law.  There is no diversity

17  jurisdiction here because the $75,000 amount in controversy threshold is not

18

19  satisfied.  The amount in controversy as to Plaintiff and each member of the Class

20  does not exceed $75,000.  Plaintiff is informed and believes that the aggregate

21  amount in controversy for Plaintiff and the Class totals less than $5,000,000.00,

22

23  exclusive of interest and costs.

24

25  **PARTIES**

26

27  A.    **PLAINTIFF**

28      7.      In approximately July 2003, Plaintiff Maria Sanchez, an individual,

3

("Plaintiff") purchased in California a roundtrip airline ticket from Defendant for travel on Defendant Airline, flight No. 927 on or about July 4, 2003 from Los Angeles, California to Guadalajara, Mexico. As part of the purchase price for said roundtrip airline ticket Plaintiff was charged by and paid approximately $275.00 to Defendant which Plaintiff is informed and believes included the amount equal to the Mexican tourism tax in the approximate sum of $22.00 (an amount that fluctuates with the dollar-peso exchange rates). Plaintiff was never notified that she was exempt from paying the Mexican tourism tax nor informed that she could claim a recovery of the amount improperly collected by Defendant Airline.

8.      At all times material to this complaint, Plaintiff was and is a citizen of Mexico. As a citizen of Mexico, Plaintiff is exempt from paying the Mexican tourism tax when she travels to Mexico.

**B.      DEFENDANTS**

9.      Defendant Compania Mexicana De Aviacion S.A., doing business as Mexicana Airlines (hereinafter "Defendant" or "Defendant Airlines") is, and at all times material to this complaint, was, a corporation organized and existing under the laws of Mexico and conducting business in California, with its principal place of business in Los Angeles, California.

10.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these Defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names

4

**FIRST AMENDED COMPLAINT**

and capacities when ascertained.  Plaintiff is informed and believes that each of the

fictitiously named Defendants is responsible in some manner for the occurrences

herein alleged, and that Plaintiff's injuries as herein alleged were proximately

caused by these Defendants.

11.    Plaintiff is informed and believes that at all times material to this

complaint, Defendant Airline and each of the Defendants fictitiously named in this

complaint in addition to acting for himself, herself, or itself and on his, her, or its

own behalf individually, is and was acting as the agent, servant, employee and

representative of, and with the knowledge, consent and permission of, and in

conspiracy with, and/or aided and abetted each and all of the Defendants and within

the course, scope and authority of that agency, service, employment, representation,

and conspiracy.  Plaintiff further alleges on information and belief that the acts of

each of the Defendants were fully ratified by each and all of the Defendants.

Specifically, and without limitation, Plaintiff alleges on information and belief that

the actions, failures to act, breaches,  conspiracy, aiding and abetting alleged herein

and attributed to one or more of the specific Defendants were approved, ratified, and

done with the cooperation and knowledge of each and all of the Defendants.

## CLASS ACTION ALLEGATIONS

12.    This action is brought as a class action pursuant to Code Civ. Proc. §

382 on behalf of the following Class:

All persons who purchased airline tickets in California

**FIRST AMENDED COMPLAINT**

from Defendant Airline for travel on Defendant Airline on international flights between California and Mexico and who paid Defendant as part of the price for his or her airline ticket the Mexican tourism tax but who were exempt from paying that tourism tax (the "Class"). Persons exempt from paying Mexican tourism tax include residents (holding FM-2 or FM-3 Visas) or citizens of Mexico, diplomats, children under two years of age and persons not remaining in Mexico for more than 24 hours. Excluded from the Class are (a) Defendant Airline; (b) employees of Defendant including its officers and directors; and (c) Defendant's parents, subsidiaries and affiliates.

13.   Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendant Airline. However, Plaintiff is informed and believes that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, and geographically dispersed throughout California, and that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendant and its agents.

14.   Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members in that the claims of all members of the Class, result from the Defendant's collecting Mexican tourism tax from persons exempt from paying that tax. Plaintiff will advance the claims of all members of the Class who were injured by the same improper conduct of Defendant and the relief sought is common to the Class as alleged in this complaint.

15.   The common legal and factual questions which do not vary from Class

6

member to Class member and which may be determined without reference to

individual circumstances of any Class member include, but are not limited to, the

following:

    a.    Whether Defendant Airline collected the Mexican tourism tax

        from Plaintiff and others Class members who do not owe that tax

        on their air trips to Mexico;

    b.    Whether Defendant Airline advised Plaintiff and other Class

        members that they were exempt from paying the Mexican

        tourism tax on their air trips to Mexico or otherwise made

        arrangements to allow for their recovery of the Mexican tourism

        tax collected by Defendant;

    c.    Whether Defendant Airline breached its written contract(s) with

        Plaintiff and other Class members;

    d.    Whether Defendant Airline breached the implied covenant of

        good faith and fair dealing;

    e.    Whether Defendant Airline was unjustly enriched by its conduct;

    f.    Whether Defendant Airline became indebted to Plaintiff and

        other Class members for money had and received; and

    g.    Whether Plaintiff and other Class members are entitled to

        monetary recovery, including damages and restitution, and the

        proper measure, nature and extent of such relief.

7

16.     These common questions and others predominate over questions, if any, that affect only individual members of the Class.

17.     Plaintiff and her lawyers will fairly and adequately represent the interests of the Class because Plaintiff is typical of other Class members improperly charged the Mexican tourism tax by Defendant Airline.  There are no material conflicts with any other member of the Class that would make class certification inappropriate.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this action vigorously.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the court if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues alleged in this complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

19.     Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant Airline and would magnify the delay and

8

**FIRST AMENDED COMPLAINT**

expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

20.     Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## FACTUAL ALLEGATIONS

21.     Defendant Airline is, and at all times material to this complaint was, engaged in the business of common carrier by air of passengers for transport between California and Mexico.

22.     At all times mentioned herein, when passengers purchase their tickets in California for air travel on Defendant Airline between California and Mexico, Defendant routinely collects from its passengers the Mexican tourism tax which is included in the price of each passenger's airline ticket.  The amount equal to the Mexican tourism tax cannot be determined from the information provided by Defendant.  Defendant Airline is an authorized agent of the Mexican government to collect the tourism tax from its airline passengers on international flights between California and Mexico and is obligated to remit the tax to the Mexican government.  Defendant collects approximately $22.00 from each passenger per flight who travels between Mexico and California on Defendant Airline for this tourism tax.  (The amount of the tax collected by Defendant Airline fluctuates, depending on the

9

1    dollar-peso exchange rate.)

2        23.    Under Mexican law airline passengers traveling to Mexico who are
3
4    residents (holding FM-2 or FM-3 Visas) or citizens of Mexico as well as diplomats
5    children under two years of age and persons staying in Mexico less than 24 hours
6
7    are exempt from paying the Mexican tourism tax.

8        24.    After passengers have purchased their tickets from Defendant Airline
9    and when passengers check in before their flights depart from California to Mexico,
10
11   Defendant Airline could identify the exempt passengers and could return to them the
12   amount of the improperly collected Mexican tourism tax, or make other
13   arrangements for a return of the improperly collected amount, including but not
14
15   limited to notifying the exempt passengers of their entitlement to a return.
16   However, despite its opportunity to do so, Defendant Airline failed to disclose to
17   exempt passengers (including Plaintiff and other Class members) that they are
18
19   entitled to a return of the improperly paid Mexican tourism tax and return the
20   amount improperly collected by Defendant Airline.

21       25.    Plaintiff is informed and believes that Defendant Airline does not remit
22   to the Mexican government the amounts of the tourism tax paid by exempt
23
24   passengers.  Defendant Airline does not return the tourism tax improperly collected
25   from its exempt passengers, nor provide an opportunity for them to claim a return of
26   the improperly paid amount.
27
28   ///

## ESTOPPEL FROM PLEADING AND TOLLING OF
## APPLICABLE STATUTES OF LIMITATIONS

26.    Defendants are estopped from relying on any statutes of limitations.  At all times material to this complaint, Defendant Airline failed to disclose to Plaintiff and other Class members that the Mexican tourism tax was not due from them as exempt passengers, and that as exempt passengers they were entitled to a return of the amount they paid for that tax.  Plaintiff and the members of the Class could not reasonably have discovered Defendants' wrongdoing.  Given Defendants' failure to disclose this information about their exempt status to its passengers from paying the Mexican tourism tax for their air travel between California and Mexico, Defendants are estopped from relying on any statutes of limitations that might otherwise be applicable to the claims asserted herein.

### FIRST CAUSE OF ACTION

### (Breach Of Written Contracts Against All Defendants)

27.    Plaintiff incorporates and realleges by this reference the allegations contained in paragraphs 1 through 26, inclusive, of this complaint.  Plaintiff brings this claim for herself and on behalf of members of the Class.

28.    Within four years prior to the filing of this complaint, Defendant Airline entered into written contracts in California with Plaintiff and other Class members for air travel between California and Mexico and specifying the date, flight number, origin and destination plus the price of the airline ticket.  The terms

**FIRST AMENDED COMPLAINT**

of these contracts are contained in the respective airline tickets and "e-ticket

agreement" on Defendant Airline's website at

www.mexicana.com/cs/Satellite?pagename=MexicanaG5/MexContainer_C/Landing

Bank_News&cid=1160406052781&ChannelID=1143494208293&siteID=1143494

205438&IdNews=1160406052841.  In particular, Defendant's contracts with

Plaintiff and the Class members state, in part, as follows:  "The price of this ticket

may include taxes and fees, which are imposed on the air transportation by

government authorities.  These taxes and fees, which may represent a significant

portion of the cost of air travel, are either included in the fare, or shown separately

in the tax box(es) of this ticket."  Plaintiff and the Class paid for the purchase of

their tickets to Defendant Airline by paying U.S. dollars or using frequent flyer

miles.

29.     Along with the portion of the price for the airline ticket to be retained

by Defendant Airline, Defendant also collected from Plaintiff and other Class

members, at the time the tickets were purchased, a number of taxes for various

taxing authorities, including the Mexican tourism tax.  At all times material to this

complaint, Defendant Airline promised Plaintiff and other Class members that

Defendant only collects applicable taxes imposed by government authorities it is

required to collect from passengers who owe the taxes.

30.     Plaintiff and Class members have performed all conditions, covenants

and promises required on their part to be performed in accordance with the terms of

**FIRST AMENDED COMPLAINT**

1  said written contracts, including payment to Defendant Airline of the ticket fares

2  and amounts claimed as taxes for each ticket.

3

4      31.    Within four years prior to the filing of this complaint, Defendant

5  Airline breached its written contracts with Plaintiff and Class members by

6  improperly collecting from them the amount of the Mexican tourism tax

7

8  (approximately $22.00) for each airline ticket which was not applicable to Plaintiff

9  and Class members due to their exempt status under Mexican law.

10     32.    As a proximate result of Defendant Airline's breach of the written

11

12 contracts, Plaintiff and each Class member have been damaged in the amount

13 improperly collected from them for the Mexican tourism tax for each airline ticket

14

15 in an amount according to proof, plus interest thereon at the maximum legal rate

16 until entry of judgment.

17                    **SECOND CAUSE OF ACTION**

18

19 **(Breach of Implied Covenant Of Good Faith And Fair Dealing Against All
   Defendants)**

20

21     33.    Plaintiff incorporates and realleges by this reference the allegations

22 contained in paragraphs 1 through 32, inclusive, of this complaint.  Plaintiff brings

23 this claim for herself and on behalf of members of the Class.

24

25     34.    The written contracts between Plaintiff and the Class on one hand, and

26 Defendant Airline include an implied covenant of good faith and fair dealing that

27 neither party would do anything to injure the right of the other party to receive the

28

1  benefits of the agreement.

2      35.    After the written contracts took effect, Defendant Airline failed to

3

4  inform Plaintiff and other Class members that the Mexican tourism tax was not due

5  from them as exempt passengers, and that, as exempt passengers they were entitled

6  to a return of the amount they improperly paid for that tax.  Defendant Airline was

7

8  in a superior position to know the true facts about the Mexican tourism tax and was

9  duty-bound to make such disclosures to Plaintiff and other Class members.

10 Defendant's failure to make such disclosures after the written contracts took effect

11

12 has unfairly prevented Plaintiff and Class members from receiving the benefits of

13 their contracts.  In acting in this manner, Defendant Airline violated the implied

14

15 covenant of good faith and fair dealing that exists in the contracts between Plaintiff

16 and other Class members and Defendant Airline.

17     36.    As a proximate result of Defendant Airline's breach of its implied

18

19 covenant of good faith and fair dealing, Plaintiff and each Class member have been

20 damaged in the amount improperly retained by Defendant Airline for the Mexican

21 tourism tax for each airline ticket in an amount according to proof, plus interest

22

23 there on at the maximum legal rate until entry of judgment.

24              **THIRD CAUSE OF ACTION**

25          **(Unjust Enrichment Against All Defendants)**

26     37.    Plaintiff incorporates and realleges by this reference the allegations

27

28 contained in paragraphs 1 through 36, inclusive, of this complaint.  Plaintiff brings

**FIRST AMENDED COMPLAINT**

1    this claim for herself and on behalf of members of the Class.

2    38.    Defendant Airline has been unjustly enriched because it knowingly

3

4    gained and retained money in an inequitable manner at the expense of its passengers

5    and is thus accountable to the Plaintiff and the members of the Class to restore such

6    money.  The Defendant may not  retain the benefits from its improper conduct and

7

8    those benefits belong instead to Plaintiff and members of the Class.  Defendant

9    Airline must make restitution of all amounts so improperly and unjustly obtained

10

11   according to proof, plus interest at the maximum legal rate until entry of judgment.

12                        **FOURTH CAUSE OF ACTION**

13              **(Money Had And Received Against All Defendants)**

14    39.    Plaintiff incorporates and realleges by this reference the allegations

15

16   contained in paragraph 1 through 38, inclusive, of this complaint.  Plaintiff brings

17   this claim for herself and on behalf of members of the Class.

18    40.    Within four years prior to the filing of this complaint, Defendant

19

20   Airline became indebted to Plaintiff and other Class members for money had and

21   received by Defendant Airline for the use and benefit of Plaintiff and other Class

22   members in an amount according to proof.

23

24    41.    No payment has been made by Defendant Airline to Plaintiff and the

25   other Class members, and there is now owing to Plaintiff and Class members the

26   amount improperly retained by Defendant Airline for the Mexican tourism tax for

27

28   each airline ticket in an amount according to proof, plus interest thereon at the

**FIRST AMENDED COMPLAINT**

maximum legal rate until entry of judgment.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of herself and the Class, Plaintiff prays for judgment against Defendants as follows:

1.    For certification of the proposed Class appointing Plaintiff and her counsel to represent the Class, and notice to the Class to be paid by Defendants;

2.    For compensatory damages suffered by Plaintiff and Class members in an amount according to proof on the First, Second and Fourth Causes of Action;

3.    For restitution to Plaintiff and Class members in addition to other unjust enrichment of Defendants in an amount according to proof on the Third Cause of Action;

4.    For an award of attorney's fees pursuant to Code Civ. Proc. §1021.5, or any other provision of law;

5.    For prejudgment interest;

6.    For costs of suit; and,

///

///

///

///

///

///

16

1        7.    For such other and further relief as the court may declare just and

2    proper.

3

4    Dated:  January 9, 2008                  Respectfully submitted,

**THE ROSSBACHER FIRM**

5

6

7

8                          By:   */s/ Talin K. Tenley*
                            Talin K. Tenley

9

10                         Attorney for Plaintiff

11   6202.003/mr:1ST AMENDEDCOMPLAINT.MEXICANA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**FIRST AMENDED COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff on behalf of herself and all others similarly situated hereby request a

3

jury trial on the claims so triable.

4

5

Dated:  January 9, 2008

Respectfully submitted,

6

**THE ROSSBACHER FIRM**

7

8

9

By:   _/s/ Talin K. Tenley_
Talin K. Tenley

10

11

Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME: MARIA SANCHEZ v. COMPANIA MEXICANA DE AVIACION S.A., doing business as MEXICANA AIRLINES**

**CASE NUMBER: CV07-7196 R (RCx)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 811 Wilshire Blvd., Ste. 1650, Los Angeles, California 90017-2666.

On January 9, 2008, I served the following document on the parties in this action listed below in the manner designated below:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR: 1. BREACH OF WRITTEN CONTRACTS; 2. BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING; 3. UNJUST ENRICHMENT; AND 4. MONEY HAD AND RECEIVED**

| |
|---|
| Frank A. Silane, Esq.<br>Jennifer J. Johnston, Esq.<br>**CONDON & FORSYTH LLP**<br>1901 Avenue of the Stars, Suite 850<br>Los Angeles, California 90067-6010<br>Email: fsilane@condonlaw.com<br>jjohnston@condonlaw.com<br><br>Attorneys for Defendants |

**BY NOTICE OF ELECTRONIC FILING**. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9 2008, at Los Angeles, California

*/s/ Maricela Ruiz*
Maricela Ruiz

6202.003/1ST AMENDEDCOMPLAINT.MEXICANA                                    **FIRST AMENDED COMPLAINT**

**EXHIBIT 2**

1   Frank A. Silane (State Bar No.: 90940)
    Jennifer J. Johnston (State Bar No.: 125737)
2   CONDON & FORSYTH LLP
    1901 Avenue of the Stars, Suite 850
3   Los Angeles, California 90067-6010
    Telephone: (310) 557-2030
4   Facsimile:  (310) 557-1299
    Email:  fsilane@condonlaw.com
5   Email:  jjohnston@condonlaw.com

6   Attorneys for Defendant
    COMPANIA MEXICANA DE AVIACION, S.A. DE C.V.
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  MARIA SANCHEZ, individually and on )   Case No. CV 07-7196 R (RCx)
    behalf of all others similarly situated, )
12                                         )
            Plaintiffs,                    )   **FINDINGS OF UNDISPUTED**
13                                         )   **FACTS AND CONCLUSIONS OF**
        vs.                                )   **LAW**
14                                         )
    COMPANIA MEXICANA DE               )
15  AVIACION S.A., doing business as       )
    MEXICANA AIRLINES, and DOES 1      )
16  through 100, inclusive,                )
                                           )
17          Defendants.                    )
    _____)
18

19          After consideration of all the papers filed in support of and in opposition to

20  defendant Compania Mexicana de Aviacion, S.A. de C.V.'s motion to dismiss or,

21  in the alternative, for summary judgment, the pleadings on file in this lawsuit, and

22  the oral argument of counsel, the Court has concluded that the following facts are:

23

24                        **UNDISPUTED FACTS**

25          1.      Plaintiff Maria Sanchez is a citizen and resident of the state of

26  California.  Plaintiff claims that she is a citizen of both the United States and

27  Mexico.  (*See* First Amended Class Action Complaint, para. 8.)

28

---

[PROPOSED] FINDINGS OF UNDISPUTED FACTS AND
CONCLUSIONS OF LAW
CASE NO.: CV 07-7196 R (RCX)                                    2567V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    2.    Defendant Compania Mexicana de Aviacion, S.A. de C.V. (doing

2    business as "Mexicana") is an airline organized and existing under the laws of

3    Mexico, with its principal place of business in Mexico City, Mexico. Mexicana

4    sells airline tickets in the state of California and operates flights to and from the

5    state of California.

6    3.    Plaintiff Maria Sanchez has filed a First Amended Class Action

7    Complaint against Mexicana seeking recovery of, on behalf of herself and others, a

8    certain Mexican tourism tax imposed by the government of Mexico and collected

9    by airlines on behalf of the government of Mexico in connection with the sale of

10    passenger tickets for flights to Mexico. The First Amended Class Action

11    Complaint states claims for breach of written contract, breach of the implied

12    covenant of good faith and fair dealing, money had and received and unjust

13    enrichment. (*See* First Amended Class Action Complaint.)

14    4.    Plaintiff Maria Sanchez seeks to represent a class of "[a]ll persons

15    who purchased airline tickets in California from Defendant Airline for travel on

16    Defendant Airline on international flights between California and Mexico and who

17    paid Defendant as part of the price for his or her airline ticket the Mexican tourism

18    tax but who were exempt from paying that tourism tax (the 'Class')." (*See* First

19    Amended Class Action Complaint, para. 12.)

20    5.    Plaintiff Maria Sanchez alleges that in connection with the sale of

21    passenger tickets in California for international flights between California and

22    Mexico, Mexicana collects a tourism tax imposed by the government of Mexico.

23    Plaintiff further alleges that the Mexican tourism tax is collected by Mexicana as

24    part of the price of the passenger ticket. (*See* First Amended Class Action

25    Complaint, paras. 1, 22.) Mexicana does not contest these facts. (*See* Declaration

26    of Rogelio Silva Sanchez in Support of Motion for Summary Judgment, paras. 3,

27    5.)

28

-2-

1    6.    Plaintiff Maria Sanchez further alleges that in connection with the

2    collection of the Mexican tourism tax, Mexicana acts as the agent of the

3    government of Mexico and is obligated to remit all sums collected for the Mexican

4    tourism tax to the government of Mexico. (*See* First Amended Class Action

5    Complaint, para. 22.) Mexicana does not contest these facts. (*See* Declaration of

6    Rogelio Silva Sanchez, para. 4.)

7    7.    Plaintiff Maria Sanchez bases her claims on a ticket purchased on July

8    4, 2003, which provided for transportation from Los Angeles to Guadalajara on

9    July 4, 2003. (*See* Declaration of Maria Sanchez in Support of Plaintiff's

10    Opposition to Motion to Dismiss, or in the Alternative, for Summary Judgment,

11    para. 2.) Mexicana does not contest that a passenger ticket was purchased for

12    plaintiff Maria Sanchez on July 4, 2003, which provided for transportation from

13    Los Angeles to Guadalajara on July 4, 2003. (*See* Declaration of Maru Johansen in

14    Support of Compania Mexicana de Aviacion, S.A. de C.V.'s Reply to Plaintiff's

15    Opposition to Motion to Dismiss or, in the Alternative, for Summary Judgment,

16    para. 10.)

17    8.    As part of the purchase price for the ticket, plaintiff Maria Sanchez

18    alleges she was charged and paid approximately $275, which sum included a

19    charge for the Mexican tourism tax. (*See* First Amended Class Action Complaint,

20    para. 7; *see also* Declaration of Maria Sanchez, para. 2.)

21    9.    The records relating to the purchase of plaintiff Maria Sanchez's

22    passenger ticket establish that her ticket was purchased in Mexico. (*See*

23    Declaration of Maru Johansen, paras. 10-14.)

24    10.    Plaintiff Maria Sanchez filed her initial Class Action Complaint on

25    September 28, 2007, more than four years from the date on which her ticket was

26    purchased and more than four years from the date of her transportation on

27    Mexicana. (*See* Class Action Complaint.)

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-3-

1    11.    Plaintiff Maria Sanchez claims that she was exempt under Mexican
2    law from payment of the Mexican tourism tax because she is a citizen of Mexico.
3    (*See* Declaration of Maria Sanchez, para. 4.)

4    12.    Plaintiff Maria Sanchez further alleges that she and other proposed
5    class members entered into contracts of carriage with Mexicana when they
6    purchased their passenger tickets.  Plaintiff does not allege that Mexicana refused
7    to transport her or any other person pursuant to the contracts of carriage.  Instead,
8    plaintiff alleges that Mexicana breached the contracts of carriage by collecting the
9    tourism tax from her and other passengers who were purportedly exempt.

10    13.    Plaintiff Maria Sanchez's sole basis for her claim that Mexicana had a
11    contractual duty to advise her and other passengers of their rights with respect to
12    the Mexican tourism tax and that they may be exempt from paying the Mexican
13    tourism tax is the following language from Mexicana's website: "The price of this
14    ticket may include taxes and fees, which are imposed on the air transportation by
15    government authorities.  These taxes and fees, which may represent a significant
16    portion of the cost of air travel, are either included in the fare, or shown separately
17    in the tax box(es) of this ticket." (*See* First Amended Class Action Complaint,
18    para. 28.)

19    14.    Mexicana has filed a motion for summary judgment seeking judgment
20    in its favor on the grounds that all claims alleged in the First Amended Class
21    Action Complaint are preempted by the Airline Deregulation Act.

22    15.    The Court finds that plaintiff Maria Sanchez has failed to present a
23    single triable issue of material fact supporting her assertions that her claims do not
24    relate to Mexicana's prices, routes or services.

25    16.    The undisputed facts establish that all of the claims asserted in the
26    First Amended Class Action Complaint concerning the Mexican tourism tax relate
27    to Mexicana's prices, routes and services and are preempted by the Airline

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-4-

1   Deregulation Act.

2      17.   The claims asserted in the First Amended Class Action Complaint

3 concerning the collection of the Mexican tourism tax relate to Mexicana's prices

4 because the Mexican tourism tax is collected together with the purchase price of

5 the passenger ticket and is related to and intertwined with the sale, price, and

6 issuance of the passenger tickets.

7      18.   The claims asserted in the First Amended Class Action Complaint

8 concerning the Mexican tourism tax also relate to Mexicana's routes and services

9 because the Mexican tourism tax is collected only on routes between Mexico and

10 other countries and it is part of the services provided by Mexicana to its customers

11 to facilitate the flow of passengers through Mexican airports by eliminating the

12 need for passengers to stand in line at Mexican airports to pay the tourism tax prior

13 to entering the country.

14      19.   The Court finds that plaintiff Maria Sanchez also has failed to present

15 a single triable issue of material fact supporting her assertions that Mexicana

16 committed a breach of contract.

17      20.   The undisputed facts establish that Mexicana did not undertake and

18 did not breach any contract with plaintiff Maria Sanchez or any other proposed

19 class member with respect to the Mexican tourism tax.

20      21.   Neither the language from Mexicana's website asserted by plaintiff

21 Maria Sanchez as the sole basis for her contract claims against Mexicana, nor any

22 other evidence offered by the plaintiff, created any contractual obligation on the

23 part of Mexicana to advise plaintiff or any other passenger of his or her rights or

24 obligations under Mexican law with respect to the payment or non-payment of the

25 Mexican tourism tax or rights to refunds of the tourism tax.

26      22.   The undisputed facts establish that plaintiff Maria Sanchez is

27 attempting to impose obligations on Mexicana which Mexicana did not undertake

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-5-

[PROPOSED] FINDINGS OF UNDISPUTED FACTS AND
CONCLUSIONS OF LAW
CASE NO.: CV 07-7196 R (RCX)

2567V.1

1   in its contract of carriage.  The imposition of such obligations on Mexicana would

2   relate to and thereby affect Mexicana's prices, routes, and services.  Accordingly,

3   the claims are preempted by the Airline Deregulation Act.

4     23. The Court finds that plaintiff Maria Sanchez has provided no facts

5   which would establish any right in law or equity to have the statute of limitations

6   relating to her claims tolled.

7     24. The Court finds that the undisputed facts establish that plaintiff Maria

8   Sanchez's claims are time-barred by California's four-year statute of limitations.

9     25. The Court finds that the undisputed facts establish that plaintiff Maria

10  Sanchez's claims fall outside of the proposed class which is limited to those

11  persons purchasing tickets in California.

12

13    The Court makes the following:

14         **CONCLUSIONS OF LAW**

15    1. Plaintiff Maria Sanchez's claims and the claims of all proposed class

16  members are preempted, as a matter of law, by the Airline Deregulation Act of

17  1978 (ADA), 49 USC § 1305 (reenacted at 49 U.S.C. § 41713) because the claims

18  all relate to Mexicana's prices, routes and services.  *See Rowe v. N.H. Motor*

19  *Transp. Ass'n*, No. 06-457, slip op., 552 U.S. __ (2008) WL 440686 (U.S.

20  February 20, 2008); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992);

21  *Buck v. Am. Airlines, Inc.*, 476 F.3d 29 (1st Cir. 2007).

22    2. Claims seeking reimbursement of government fees and taxes,

23  including charges on behalf of foreign sovereigns such as the Mexican

24  government, which are collected by Mexicana with the purchase price of a

25  passenger ticket are preempted by the Airline Deregulation Act, because they are

26  related to the prices charged by airlines.  Since the tourism tax which plaintiffs

27  here seek to recover is collected by Mexicana as part of the price of the passenger

28

[PROPOSED] FINDINGS OF UNDISPUTED FACTS AND
CONCLUSIONS OF LAW
CASE NO.: CV 07-7196 R (RCX)

2567V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  ticket, the tourism tax is related to pricing, and all claims asserted by plaintiff

2  Maria Sanchez on behalf of herself and others are preempted by the Airline

3  Deregulation Act, as a matter of law. *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 34-

4  36 (1st Cir. 2007).

5       3.    The preemptive coverage of the Airline Deregulation Act also applies

6  to routes and services which are provided by the airline. *See* 49 U.S.C. § 41713.

7  As the tourism tax is charged only on routes between Mexico and other countries

8  and as the collection of the tourism tax at the time of ticketing is a service

9  facilitating the flow of passengers through the airports in Mexico, plaintiff Maria

10  Sanchez's claims and the claims of all proposed class members are preempted by

11  the Airline Deregulation Act on the grounds that the claims are related to

12  Mexicana's routes and services. *Rowe v. N.H. Motor Transp. Ass'n*, No. 06-457,

13  slip op., 552 U.S. __ (2008), WL 440686 (U.S. February 20, 2008).

14       4.    Plaintiff Maria Sanchez's claim that Mexicana breached contractual

15  obligations relating to Mexicana's collection of the Mexican tourism tax fails as a

16  matter of law. As a matter of law, the language relied upon by plaintiff from

17  Mexicana's website as the sole basis for imposing a duty on Mexicana does not

18  create any contractual obligation on the part of Mexicana to advise plaintiff of her

19  rights or obligations regarding the payment or non-payment of the Mexican

20  tourism tax under Mexican law or her rights to a refund of the tax, nor does it

21  create any other contractual obligation on the part of Mexicana with respect to

22  plaintiff's rights or obligations relating to the Mexican tourism tax. *See, e.g., Buck*

23  *v. Am. Airlines, Inc.*, 476 F.3d 29, 36-38 (1st Cir. 2007).

24       5.    The undisputed facts establish that plaintiff Maria Sanchez is

25  attempting to impose obligations on Mexicana which Mexicana did not undertake

26  in its contract of carriage. The imposition of such obligations on Mexicana would

27  relate to and thereby affect Mexicana's prices, routes, and services. Accordingly,

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 the claims are preempted by the Airline Deregulation Act. *Rowe v. N.H. Motor*

2 *Transp. Ass'n*, No. 06-457, slip op., 552 U.S. __ (2008) WL 440686 (U.S.

3 February 20, 2008); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992);

4 *Buck v. Am. Airlines, Inc., 476 F.3d 29* (1st Cir. 2007).

5       6.     The Court concludes that, as a matter of law, plaintiff Maria

6 Sanchez's claims are time-barred by California Civil Procedure Code § 337(1).

7       7.     The Court concludes that as a separate and distinct basis for

8 dismissing plaintiff Maria Sanchez's claims, the records relating to the purchase of

9 plaintiff's passenger ticket demonstrate that the ticket was purchased in Mexico.

10 Since the ticket which forms the basis for plaintiff's claims was purchased in

11 Mexico, plaintiff's claims fall outside of the proposed class which she seeks to

12 represent, and plaintiff, as a matter of law, has no standing to bring her claims or

13 represent the proposed class.

14       8.     The undisputed facts establish that there is no genuine issue as to any

15 material facts with respect to the liability of Mexicana as to any of the claims

16 alleged by plaintiff Maria Sanchez or any other proposed class member in this

17 lawsuit and that all claims are preempted by the Airline Deregulation Act.

18 Mexicana is, therefore, entitled to a judgment as a matter of law dismissing this

19 lawsuit, with prejudice, and on the merits.

20

21 Dated: March 25, 2008

22

23                        Honorable Manuel L. Real
United States District Judge

24

25

26

27

28

-8-

**EXHIBIT 3**

Westlaw.

Not Reported in Cal.Rptr.3d                                                    Page 1
Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.))**

▶

Waul v. American Airlines, Inc.
Cal.App. 1 Dist.,2003.
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts
citation of unpublished opinions in California
courts.

Court of Appeal, First District, Division 3, Califor-
nia.
Michael A. WAUL, Plaintiff and Appellant,
v.
AMERICAN AIRLINES, INC., Defendant and Re-
spondent.
No. A101212.
**(San Francisco County Super. Ct. No. 320607).**

Nov. 17, 2003.

Michael Anthony Waul, San Francisco, CA, for
Plaintiff-appellant.
Carol Lynn Thompson, Heller Ehrman White et al,
San Francisco, CA, for Defendant-respondent.
POLLAK, J.
**\*1** Plaintiff Michael Waul appeals from a judgment
entered after the trial court sustained the demurrer
of defendant American Airlines, Inc. (AA) to his
second amended complaint. Under the Unfair Com-
petition Law (UCL), Business and Professions
Code section 17200, plaintiff challenges defend-
ant's failure to award frequent flyer miles to mem-
bers of its AAdvantage frequent flyer program who
purchased, but did not use, nonrefundable airline
tickets. The trial court concluded that the amended
complaint failed to allege a breach of contract cause
of action against the airlines that was not preempted
by the Airline Deregulation Act of 1978(ADA), 49
United States Code section 41713(b)(1). We agree
and affirm the judgment.

**Factual and Procedural Background**

Plaintiff's second amended complaint (complaint)

for restitution and injunctive relief alleges three
causes of action under the UCL. We accept the fol-
lowing material factual allegations of the complaint
as true (see *Aubry v. Tri-City Hospital Dist.* (1992)
2 Cal.4th 962, 967): Numerous California con-
sumers contracted with defendant by joining its
AAdvantage frequent flyer program. A number of
these California consumers "utilized the services of
Defendant AA's airline by purchasing and paying
for non-refundable airline tickets for flights on De-
fendant AA's airline. When said California con-
sumers purchased and paid for flights on AA's air-
line, they also purchased and paid for frequent flyer
miles from Defendants."These consumers
"reasonably believed and expected that they would
receive the frequent flyer miles when they pur-
chased said non-refundable airline tickets and fre-
quent flyer miles," but defendant "routinely and
systematically breached [its] contracts with [these]
California consumers by not crediting frequent fly-
er miles from Defendant AA, if said California con-
sumers were unable to complete their flight itiner-
aries as purchased. Defendant[ ] did not credit such
purchasers with frequent flyer miles even though
Defendant[ ] did not refund the purchase price of
the unused airline tickets."

Plaintiff's complaint alleges that by failing to credit
frequent flyer miles to California consumers who
bought but did not use nonrefundable airline tick-
ets, defendant breached its contracts with those
consumers, and that in doing so, defendant also
breached the implied covenant of good faith and
fair dealing. Each cause of action alleges that these
systematic breaches of contract constituted an un-
fair, illegal or deceptive business practice in viola-
tion of the UCL. The complaint does not allege an
independent cause of action for breach of contract.

Defendant demurred to the complaint on the ground
that plaintiff's claims were expressly preempted by
the ADA and, alternatively, that plaintiff had failed
properly to allege a breach of contract. At the hear-
ing on the demurrer, the trial court indicated that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d
Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.))**

the demurrer would be sustained without leave to amend unless plaintiff demonstrated that he could plead a breach of contract claim that fell outside the scope of ADA preemption as set forth in *American Airlines, Inc. v. Wolens* (1995) 513 U.S. 219(*Wolens* ). Thereafter, the court issued its order sustaining defendant's demurrer without leave to amend. Plaintiff filed a timely notice of appeal.

### Discussion

*2 The ruling sustaining the demurrer is reviewed de novo. This court must examine the complaint to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 742.)The denial of leave to amend, however, is reviewed for an abuse of discretion. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

*Scope of ADA Preemption*

Section 41713, subdivision (b)(1) of the ADA prohibits a state from enact [ing] or enforc[ing] a law ... related to a price, route, or service of an air carrier.... The related to language in the ADA preemption clause has been defined as meaning having a connection with, or reference to, airline rates, routes, or services. (*Morales v. Trans World Airlines, Inc.* (1992) 504 U.S. 374, 384(*Morales* ).) In *Morales,* the United States Supreme Court concluded that state restrictions on deceptive advertising were the type of economic regulation that Congress intended to preempt in deregulating the airline industry. Restrictions on advertising serv[e] to increase the difficulty of discovering the lowest cost seller ... and [reduce] the incentive to price competitively. [Citation.] ... [P]rice advertising surely relates to price. [Citation.] (*Id.* at pp. 388-389.)Accordingly, the court held that state actions challenging deceptive or fraudulent advertising practices had the forbidden significant effect on rates, routes, or service, and thus were preempted. (*Id.* at p. 388.)

Thereafter, in *Wolens, supra,* 513 U.S. at page 222, the Supreme Court again addressed the scope of the preemption clause. The court held that the ADA preempted a cause of action based on the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. 505 (1992)), the terms of which are similar to the UCL, because the Illinois act serves as a means to guide and police the marketing practices of the airlines. (*Id.* at p. 228.)Nonetheless, the court did not read the ADAs preemption clause ... to shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airlines alleged breach of its own, self-imposed undertakings. (*Ibid.*) The terms and conditions airlines offer and passengers accept are privately ordered obligations and thus do not amount to a States enact[ment] or enforce[ment] [of] any law, rule, regulation, standard, or other provision having the force and effect of law within the meaning of the [ADA].(*Id.* at pp. 228-229.)"The ADAs preemption clause, [citation], read together with the [Federal Aviation Administrations (FAAs) ] saving clause,[FN1] stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated. This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties bargain, with no enlargement or enhancement based on state laws or policies external to the agreement. (*Id.* at pp. 232-233.)A remedy confined to a contract's terms simply holds parties to their agreements."(*Id.* at p. 229.)The state does not enact or enforce a law simply by enforcing privately ordered obligations. Accordingly, the Court held that plaintiffs claims for breach of contract stemming from the airlines unilateral decision to devalue plaintiffs frequent flyer miles were not preempted because the state court was only required to interpret specific language contained within the parties agreement. (*Id.* at pp. 233-234.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d
Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.))**

FN1. The FAA's savings clause provides, "A remedy under this part is in addition to any other remedies provided by law."(49 U.S.C. § 40120.)

**\*3** Courts addressing breach of contract claims after *Wolens* consistently have held claims to be preempted if predicated on obligations imposed by state law external to the agreement of the parties. (See, e.g., *Breitling U.S.A. v. Federal Exp. Corp. D. Conn.* (1999) 45 F.Supp.2d 179, 184 [breach of contract claim preempted because it was based on doctrines of estoppel and waiver to invalidate an express term in the contract; because Breitling seeks to impose common law principles and policies on the agreement between the two parties, Breitlings claims are preempted by the ADA]; *Travel All Over the World v. Saudi Arabia* (7th Cir.1996) 73 F.3d 1423 [claim for failure to honor reservations not preempted because it was based on defendants self-imposed commitments to the plaintiffs, but claim for punitive damages preempted because it impermissibly enlarged the scope of the proceedings beyond the parties agreement.]; *Osband v. United Airlines, Inc.* (Colo.App.1998) 981 P.2d 616, 621-622 [claim based on promissory estoppel preempted because it would require the court to enforce an equitable remedy created by state law to prevent injustice].) Indeed, a breach of contract claim based on an airline's refusal to permit a passenger to board was preempted even though it was based on the terms of the agreement, where the defenses asserted were based on questions of federal law outside the terms of the contract. (*Smith v. Comair, Inc.* (4th Cir.1998) 134 F.3d 254, 258 [Because Comair invokes defenses provided by federal law, Smith's contract claim can only be adjudicated by reference to law and policies external to the parties' bargain and, therefore, is preempted under the ADA].)

Here, plaintiffs claim indisputably relates to the rates and services provided by the defendant, so that the only question is whether the claim is predicated on legal obligations drawn from sources external to the parties' agreement. (*Wolens, supra,* 513 U.S. at p. 226;*Morales, supra,* 504 U.S. at p. 384.)Has plaintiff alleged a breach of a self-imposed contractual obligation, the enforcement of which will not require the court to impose additional obligations on the defendants frequent flyer program?

*Plaintiffs Claim for Breach of Contract*

Plaintiff's complaint does not allege the breach of an express term found in the frequent flyer membership agreement or in the terms of the ticket itself. Nor does the complaint seek to enforce a term implied in fact in the agreement based upon the parties' reasonable expectations. (See Black's Law Dict. (7th ed.1999) p. 322, col. 2 [defining an implied-in-fact contract as a contract that the parties presumably intended, either by tacit understanding or by the assumption that it existed].) Although the complaint alleges that consumers "reasonably believed and expected that they would receive the frequent flyer miles when they purchased said non-refundable airline tickets and frequent flyer miles," there is no allegation that the agreement addresses whether a customer's mileage account will be credited if the customer is unable to complete the purchased itinerary, nor does the complaint allege any specific contract terms that might be so interpreted. Rather, plaintiff's brief in this court asserts that the obligation to provide frequent flyer credit in this circumstance should be imposed "as a matter of law." The complaint alleges merely that when consumers purchase tickets, they also are purchasing frequent flyer miles.

**\*4** Plaintiff relies on *Delta Air Lines, Inc. v. Sasser* (11th Cir .1997) 127 F.3d 1296, 1297, in which the court held that appellate court justices assigned to hear a case against an airline need not recuse themselves because they participate in the airline's frequent flyer program. The court stated, "The frequent flyer account which is accumulated in the name of any airline passenger is part and parcel of the services which the passenger buys when he or

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d                                                    Page 4
Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.))**

she buys an airline ticket. The price of the ticket pays for any addition to a frequent flyer account just as it pays for the air transportation and other services purchased. We readily conclude that such a frequent flyer account does not represent a gift."(*Ibid.*) Based upon this reasoning, plaintiff argues that "[a]s a matter of law, California consumers who participate in [defendant's] frequent flyer programs pay for frequent flyer miles when they purchase airline tickets from the [defendant]."FN2

> FN2. Plaintiff attempts to recharacterize his argument somewhat in his reply brief when he states that he "seeks an interpretation of [defendant's] frequent flyer program."Plaintiff does not point to any particular provision of the agreements that he wishes the court to interpret. Rather, he continues to rely on the argument that the frequent flyer miles were included in the purchase price of the ticket as a matter of law, and that the failure to award miles to consumers who purchase their tickets but do not use them results in an unjustified forfeiture. Although worded slightly differently, plaintiff's argument still seeks to impose an obligation on defendant as a matter of law rather than by mutual assent.

*Wolens* makes clear, however, that the court may enforce only the parties bargain, with no enlargement or enhancement based on state laws or policies external to the agreement. (*Id.* at pp. 232-233.)A contract implied in law is "[a]n obligation imposed by law because of the conduct of the parties, or some special relationship between them, or because one of them would otherwise be unjustly enriched. An implied-in-law contract is not actually a contract, but instead a remedy that allows the plaintiff to recover a benefit conferred on the defendant."(Black's Law Dict. (7th ed.1999) p. 322, col. 2; *Arcade County Water Dist. v. Arcade Fire Dist.* (1970) 6 Cal.App.3d 232, 236 [An implied-in-law contract is actually not a contract at all, but

merely an obligation imposed by the law to bring about justice].) A contract implied in law thus is based on equitable policies external to the parties' actual agreement. Plaintiff has alleged no facts suggesting that the basis for the obligation he seeks to enforce is to be found within the terms of the contract. An action to enforce such a claim is preempted by the ADA. (*Osband v. United Airlines, Inc., supra,* 981 P.2d at p. 621.)

Plaintiff does not succeed in transforming his claim into one based on the agreement of the parties by alleging that the refusal to extend frequent flyer credit when the customer fails to use a purchased ticket breaches the covenant of good faith and fair dealing in the contract. This covenant is implied in every contract *as a matter of law. (Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 36;*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.* (2002) 100 Cal.App.4th 44, 55.)The obligation to extend frequent flyer credit under these circumstances is no more a self-assumed obligation because it breaches this implied covenant than it would be if the obligation were implied directly into the contract as a matter of law. However the breach may be characterized, the source of the asserted obligation is not a commitment that AA has made to its frequent flyer customers but plaintiffs conception of what fairness requires and what the law should insist upon. Thus, this claim is also preempted. Accordingly, the trial court properly sustained defendants demurrer to plaintiffs UCL causes of action that were premised on these alleged breaches.

**\*5** Neither in the trial court nor before this court has plaintiff offered a possible amendment to the complaint that might cure this fundamental defect and circumvent ADA preemption. Thus, the trial court did not abuse its discretion in denying plaintiff leave to amend.

### Disposition

The judgment is affirmed. Defendant shall recover its costs on appeal.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d                                                                    Page 5
Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2003 WL 22719273 (Cal.App. 1 Dist.))**

We concur: McGUINESS, P.J., and PARRILLI, J.

Cal.App. 1 Dist.,2003.

Waul v. American Airlines, Inc.

Not Reported in Cal.Rptr.3d, 2003 WL 22719273

(Cal.App. 1 Dist.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.