SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PHILIP F. ATKINS-PATTENSON, Cal. Bar. No. 94901
TED C. LINDQUIST III, Cal. Bar. No. 178523
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: patkinspattenson@sheppardmullin.com
tlindquist@sheppardmullin.com

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| SPENCER R. MCMULLEN, suing individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., and defendant Does 1 through 100, inclusive.<br><br>Defendants. | Case No. CV 08-1523 (JSW)<br><br>**CLASS ACTION**<br><br>**[PROPOSED]**<br><br>**ORDER GRANTING DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS**<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2 (17th Floor)<br><br>Complaint Filed: March 19, 2008<br>Served: July 16, 2008 |

The motion to dismiss pursuant to Rule 12(b)(6) by defendant Delta Airlines, Inc. ("Delta") came on regularly for hearing on September 5, 2008. Appearing on behalf of Delta was Philip F. Atkins-Pattenson of Sheppard, Mullin, Richter & Hampton LLP. Appearing on behalf of plaintiff Spencer C. Mullen ("McMullen") was William Kershaw of Kershaw, Cutter, & Ratinoff LLP.

1  Having considered the papers filed in support of and in opposition to the
2  motion to dismiss, and having heard the arguments of counsel, and good cause
3  appearing in support thereof,

5  IT IS HEREBY ORDERED that Delta's motion to dismiss be and hereby is
6  granted.  The Court finds that the allegations that are at the heart of the Complaint,
7  *i.e.*, that Delta's collection of the Mexican Non-Immigrant Tax from McMullen (and
8  others allegedly similarly situated) was improper due to the fact that McMullen was
9  exempt therefrom as a legal resident of Mexico, are preempted by the Airline
10 Deregulation Act, 49 U.S.C. § 41713(b) (the "ADA").  The ADA contains an
11 express preemption provision, which prohibits states from enacting or enforcing
12 laws "related to price, route, or service of an air carrier...."  (49 U.S.C.
13 § 41713(b)(1).)  The phrase "related to price, route or service of an air carrier" is to
14 be broadly construed.  (*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378
15 (1992).  This Court concludes that the Mexican Non-Immigrant Tax is part of the
16 purchase price paid by McMullen for his tickets for the two Delta flights alleged in
17 his Complaint and thereby is "related to [Delta's] price...."   .(49 U.S.C.
18 § 41713(b)(1); (*Buck v. American Airlines, Inc.*, 476 F.3d 29 (1st Cir. 2007).)
19 Moreover, since the tax also is charged only on routes involving travel to Mexico,
20 the tax also is "related to" Delta's "routes and services...."  (49 U.S.C.
21 § 41713(b)(1).)

23 IT IS FURTHER ORDERED that the Complaint is dismissed on the
24 independent ground that it fails to state a claim for relief upon can be granted.  The
25 two claims for relief in the Complaint are for breach of contract and breach of the
26 implied covenant of good faith and fair dealing.  The Complaint is devoid of any
27 factual allegations regarding the terms and conditions of the contract between
28 McMullen and Delta, or that Delta breached any specific contractual term.  Delta

has presented the Court with the versions of its International Contract of Carriage in effect at the times of McMullen's travel alleged in the Complaint. (McClain Decl., Exhs. 1 and 2.) Rules 90 and 65, taken together, provide that McMullen's contractual remedy for the collection of taxes by Delta in error is to request a refund thereof within one year of the dates of commencement of travel. The Complaint contains no allegations that McMullen requested, but was denied, a refund for any erroneously collected Mexican Non-Immigrant Tax actually paid by McMullen. Accordingly, McMullen has failed to state a claim for relief for breach of contract or for breach of the implied covenant of good faith and fair dealing.

IT IS FURTHER ORDERED that in view of the Court's ruling that McMullen's claims for relief are preempted under the ADA, the Complaint and this action are hereby dismissed with prejudice.

Dated: _____

_____
The Honorable Jeffrey S. White
UNITED STATES DISTRICT JUDGE