1   William A. Kershaw, State Bar No. 057486
    Lyle W. Cook, State Bar No. 148914
2   **KERSHAW, CUTTER, & RATINOFF LLP**
    401 Watt Avenue
3   Sacramento, California 95864
    Telephone: (916) 448-9800
4   Facsimile: (916) 669-4499

5   Jerome M. Marcus, Esquire
    Jonathan Auerbach, Esquire
6   **MARCUS & AUERBACH LLC**
    400 Greenwood Ave., Ste. 200
7   Wyncote, PA 19095
    Telephone: (215) 885-2250
8   Facsimile: (888) 875-0469

9   Carl J. Mayer, Esquire
    **MAYER LAW GROUP LLC**
10  1040 Avenue of the Americas
    Suite 2400
11  New York, NY 10018
    Telephone: (212) 382-4686
12  Facsimile: (212) 382-4687

13  *Attorneys for Plaintiff and the Class*

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17   SPENCER R. MCMULLEN, Individually and on behalf of all others similarly situated, | Case No.: CV 08-1523 (JSW) |
| 18 | |
| 19          Plaintiffs, | CLASS ACTION |
| 20       vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT DELTA AIR LINE, INC.'S MOTION TO DISMISS** |
| 21 | |
| 22   DELTA AIR LINES, INC. | |
| 23          Defendant. | Date: September 26, 2008 |
| 24 | Time: 9:00 a.m. |
| 25 | Courtroom: 2 (17th Floor) |

26

27

28

# <u>TABLE OF CONTENTS</u>

Page(s)

I.     SUMMARY OF ARGUMENT.................................................................1

II.    STATEMENT OF FACTS...................................................................3

III.   LEGAL STANDARD.......................................................................4

IV.    ARGUMENT..............................................................................5

       A.     Plaintiff's Claim For Breach of Contract Is Excepted
              From ADA Preemption Under *Wolens*................................................5

       B.     Plaintiff's Challenge of The Wrongful Imposition of a Tax is
              Unrelated to a Price, Route or Service of an Air Carrier, and
              Thus Is Not Preempted by the ADA................................................10

       C.     Plaintiff Did Not Fail to Exhaust His Remedies, As Delta Has
              No Refund Policy or  Procedure Governing Taxes Wrongfully
              Imposed on *Used* Tickets.......................................................16

V.     CONCLUSION...........................................................................17

i

1

# TABLE OF AUTHORITIES

2

3 **Federal Cases**

Page(s)

4 *Abdu-Brisson*
    128 F.3d 77 (2nd Cir. 1997)...................................................................5, 14

5

6 *All World Professional Travel Services, Inc. v. American Airlines*
    282 F. Supp. 2d 1161 (C.D. Cal. 2003)...........................................5, 12, 14, 15

7

8 *Aloha Airlines v. Mesa Air Group, Inc.*
    2007 U.S. Dist. LEXIS 19484 (D. Hawaii March 19, 2007)..............................10, 11

9 *American Airlines, Inc. v. Wolens*
    513 U.S. 219, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995)...............................*passim*

10

11 *Bell Atlantic Corp. v. Twombly*
    ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed 2d 929 (2007)...................................4

12

13 *Buck v. American Airlines, Inc.*
    476 F.3d 29 (1st Cir. 2007)..............................................................2, 8

14 *Charas v. Trans World Airlines*
    160 F.3d 1259 (9th Cir. 1998)........................................................*passim*

15

16 *Chicago & North Western Transp. Co. v. Kalo Brick & Tile Co.*
    450 U.S. 311, 101 S.Ct. 1124, 67 L.Ed 2d 258, 264-265 (1981)...........................11

17

18 *Cipollone v. Liggett Group, Inc.*
    505 U.S. 504, 523, 112 S. Ct, 2608, 120 L.Ed.2d 407, (1992)............................11

19 *Continental Airlines, Inc. v. Weiner*
    1999 U.S. Dist. LEXIS 16377 (C.D. Cal. March 29, 1999)................................13

20

21 *Corsican Productions v. Pitchess*
    338 F.2d 441 (9th Cir. 1964)..............................................................4

22

23 *Florida Lime & Avocado Growers, Inc. v. Paul*
    373 U.S. 132 (1963).....................................................................11

24 *Godner-Abravanel v. American Airlines*
    1997 U.S. Dist. LEXIS 19833 (N.D. Cal. October 27, 1997)...............................13

25

26 *Gilligan v. Jamco Dev. Corp.*
    108 F.3d 246 (9th Cir. 1997).............................................................4

27

28 *In Re Air Transportation Excise Tax Litigation*
    37 F. Supp. 2d 1133 (D. Minn. 1999).............................................2, 8, 12, 13

ii

*Kelly v. Robinson*
  479 U.S. 36, 93 L.Ed. 2d 216, 107 S. Ct. 353 (1986)...................................11

*Morales v. Trans World Airlines, Inc.*
  504 U.S. 374, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992)..........................*passim*

*Rowe v. N.H. Motor Transp. Ass'n*
  ___ U.S. ___, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008)...............................10

*Sanchez v. Mexicana Airlines*
  CV 07-7196 (C.D. CA, March 25, 2008).........................................*passim*

*Shaw v. Delta Air Lines, Inc.*
  463 U.S. 85 (1983)....................................................................11

*Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*
  164 F.3d 186 (3rd Cir. 1998)...............................................13

*Travel All Over the World v. Kingdom of Saudi Arabia*
  73 F.3d 1423 (7th Cir. 1996)...............................................6

*West v. Northwest Airlines, Inc.*
  995 F.2d 148 (9th Cir. 1993)...............................................13

**State Cases**

*Delta Air Lines, Inc. v. Black*
  116 S.W.3d 745 (Supreme Court of Texas, 2003).................................9

*Waul v. American Airlines, Inc.*
  Not Reported in Cal.Rptr.3d, 2003 Cal. App. Unpub. LEXIS 10816, 2003 WL 22719273
  (Cal.App. 1 Dist. 2003)........................................................9, 10

**Regulations**

49 U.S. C App. § 1506...................................................................14

49 U.S.C. § 40120.................................................................14, 15

49 U.S.C. § 41713.................................................................1, 10

iii

## I.    SUMMARY OF ARGUMENT

Defendant Delta Airlines, Inc. ("Delta" or "Defendant") attempts to avoid liability for its practice of knowingly charging exempt passengers an inapplicable Mexican Non-Immigrant Tax ("Tax") by imposing these taxes and fees at the time it charges for the tickets, and then arguing preemption. But the federal statute Delta invokes -- the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b) – only prohibits a state from enacting or enforcing any law "relating to a price, route or service of an air carrier." A claim against an airline is therefore not preempted by the ADA if it: (1) seeks to enforce a self-imposed undertaking rather than a state law, *or* (2) is only tenuously related to an airlines prices, routes or services. *See American Airlines, Inc. v. Wolens*, 513 U.S. 219, 227-228, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995), and *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 390, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992). Therefore, Plaintiff's challenge to this conduct as a breach of express provisions of Delta's International Contract of Carriage which incorporate applicable laws and regulations, such as the Mexican General Law of Population (which exempts Plaintiff and the members of the Class from paying this Tax), should not be dismissed.

Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing are thus not preempted, and should not be dismissed, because they challenge Delta's self-imposed undertaking to collect the Tax on behalf of the Mexican government in express compliance with applicable laws. Plaintiffs' claims thus qualify under *Wolens* as an exception to the principle of ADA preemption as set forth in *Morales*.

Contrary to Defendants' argument in its Motion to Dismiss, the specific provisions by which Delta became contractually obligated to comply with applicable law is indeed explicitly identified and quoted in the Complaint. The contract and the Complaint thus contain exactly the type of express language the Court could not locate in *Sanchez v. Mexicana Airlines*, CV 07-

1

7196 (C.D. CA, March 25, 2008) (Defendant's Exhibit 2 to Declaration of Philip F. Atkins-Pattenson) *appeal pending,* or *Buck v. American Airlines, Inc.*, 476 F.3d 29 (1st Cir. 2007), and distinguishes those cases from the case at bar.  The *Wolens* exception applies to Plaintiff's claims, *whether or not* Plaintiff's claims are considered to be related to the prices, fares, or services of a carrier because terms and conditions airlines offer and passengers accept are privately ordered obligations which do not amount to a state's enactment or enforcement of any law. *Wolens,* at 824.

In addition, Plaintiff's claims, which challenge not the price Delta sets as the fare for travel, but rather the imposition of an inapplicable Tax on top of that fare, do not explicitly relate to the price, routes, or services of a carrier, nor do they implicate the purpose of deregulation behind the ADA.  The *amount* of the Tax is set by the government of Mexico, and is not in any way contingent on market forces or the underlying price of the ticket.    Plaintiff is not challenging the amount of the Tax, or the price of the underlying ticket.    Rather, Plaintiff challenges Delta's practice of imposing this Tax on exempt travelers by adding this set amount to the price of the travel service that Delta sells.  The price Delta sets for its fare is wholly unrelated to its collection of a Tax on behalf of the Mexican government, where all such Tax collected is simply handed over to the Mexican government *in toto*.  Thus, according to *In Re Air Transportation Excise Tax Litigation*, 37 F. Supp. 2d 1133 (D. Minn. 1999), where the District Court found that the collection of an expired tax was not related to price, Plaintiff's claims should not be preempted by the ADA.  Neither the District Court in *Sanchez* nor the Defendant here deals with *Air Transportation Excise Tax Litigation* or its progeny.

Finally, Defendant's argument that Plaintiff failed to exhaust his remedies – that Delta would have refunded his "inadvertently" collected Tax money if he would have just come back after the flight and shown them he was exempt – is of no avail because the refund procedure

2

1  Defendant cites applies only to *unused* tickets.  Both of Plaintiff's claims, therefore, survive

2  Delta's Motion to Dismiss.

3  ## II.    STATEMENT OF FACTS

4  Plaintiff and the members of the Class are exempt from paying the Mexican Non-

5  Immigrant Tax (or "Tax") when entering Mexico from the United States, because they fall into

6  one of the following exempt categories set forth by the Mexican General Law of Population,

7

8  including: all citizens of Mexico, all persons who hold a valid Mexican FM2 or FM3 Visa,

9  infants under 2 years of age, transit passengers staying Mexico less than 24 hours, and diplomats

10  (herein referred to as "exempt" travelers or passengers).  (COMPLAINT ¶¶ 1, 5, 18.)  Plaintiff is

11  exempt from paying the Tax because he has held a valid Mexican FM3 Visa since about

12  December 2005.  (COMPLAINT ¶ 46.)  Plaintiff alleges that he was nonetheless charged the

13

14  Tax by Defendant Delta on at least two occasions (February 15, 2007 and July 25, 2007) when

15  flying into Mexico from Los Angeles on Delta Airlines.  (COMPLAINT ¶¶ 47 – 50.)  As

16  alleged, this Tax of about $18.75 was included in the "Taxes and Fees" portion of Plaintiff's

17  ticket, but did not appear as a specific charge or line item.  (COMPLAINT ¶¶ 25, 50 and 54.)

18  Defendant undertook to collect this Tax from its nonexempt passengers on behalf of the

19  Mexican government (COMPLAINT ¶ 6) and was then required to turn this Tax money over to

20  the Mexican government.  (COMPLAINT ¶ 3.)  Plaintiff alleges that as a matter of course,

21

22  Defendant imposed this Tax on *all* of its passengers flying into Mexico, exempt and non-exempt

23  alike, and made it impossible for exempt travelers to know they were paying this inapplicable

24  Tax or avoid paying it.  (COMPLAINT ¶ 8, 35-37.)  Plaintiff also alleges that Defendant failed

25  to turn over Tax money collected from exempt passengers to the Mexican government, but

26  rather was able to keep those fees for itself as a windfall, since the Mexican government had no

27  record of money being owed from exempt passengers.  (COMPLAINT ¶ 45 and 61.)

28

3

Plaintiff alleges that a valid written contract was created with Defendant at the time tickets were purchased from Delta. (COMPLAINT ¶ 68.) The terms of the contract are set forth in Delta's International Contract of Carriage, and the contract expressly incorporates "applicable laws," which includes the Mexican General Law of Population. (COMPLAINT ¶ 69.) Plaintiff alleges that pursuant to this applicable law, Delta was both authorized and obliged to collect the Tax in a manner consistent with the Mexican law – which means, among other things, that Delta is both authorized and obliged to collect the Tax from only those persons who are required by Mexican law to pay it. This of course excludes exempt passengers, such as Plaintiff. (COMPLAINT ¶ 69.) Plaintiff alleges that Defendant breached this contract when it also collected the Tax from exempt passengers such as Plaintiff and the members of the Class, which were fees not actually due to the Mexican government. (COMPLAINT ¶ 73.) Plaintiff alleges that the imposition of this Tax on exempt passengers is also a breach of the implied covenant of good faith and fair dealing. (COMPLAINT ¶ 81.)

Plaintiff represents a Class of all exempt passengers who were charged this Tax by Defendant upon flying into Mexico from or via California. (COMPLAINT ¶ 1 and 56.)

### III.    LEGAL STANDARD

A Motion to Dismiss "should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of [plaintiff's] claim that would entitle [plaintiff] to relief." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Dismissal is proper only in extraordinary cases. *See Corsican Productions v. Pitchess*, 338 F.2d 441, 442 (9th Cir. 1964). A complaint must provide only enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1968, 167 L.Ed 2d 929, 943-44 (2007). Defendant Delta argues preemption and therefore bears the burden of overcoming the initial presumption against preemption by establishing that enforcing the state laws would

4

frustrate the purpose of the ADA. *Air Transportation Excise Tax* at 1139, *citing Abdu-Brisson*, 128 F.3d 77, 82-84 (2nd Cir. 1997) (concluding that enforcement of New York's age discrimination laws would not frustrate the purpose of the ADA, because "whether an airline discriminates on the basis of age has little or nothing to do with competition or efficiency.")

## IV.    ARGUMENT

### A.    Plaintiff's Claim For Breach of Contract Is Excepted From ADA Preemption Under *Wolens*

Plaintiff's claim for breach of a specific provision of Delta's International Contract of Carriage qualifies under the *Wolens* exception to preemption. The Supreme Court in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 223 and 228 (1995) carved out an exception from preemption by the ADA for self-imposed undertakings, *i.e.* contract claims. The Supreme Court excepted from ADA preemption "suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Id.* The Supreme Court concluded that the ADA's preemption provision "allows room for court enforcement of contract terms set by the parties themselves." *Id.* at 227-228. While breach of contract actions are not preempted by the ADA, courts are confined in such actions to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *All World Professional Travel Services, Inc. v. American Airlines*, 282 F. Supp. 2d 1161, 1169 (C.D. Cal. 2003).

Plaintiff's breach of contract claim, therefore, qualifies under the *Wolens* exception to ADA preemption, whether or not this claim relates to airline rates, routes or services, because these claims merely seek to enforce Delta's self-imposed undertaking to comply with all applicable laws, regulations, and orders. *See* COMPLAINT ¶ 69, and Delta's International Contract of Carriage, Rule 1(C)(4) and Rule 55 (E) (Defendant's Exhibits 1 and 2 to Declaration of Scott McClain, pp. 2, 33-34). Under *Morales* and *Wolens*, the Supreme Court has established

5

two distinct requirements for a law to be expressly preempted by the ADA: (1) A state must "enact or enforce" a law that (2) "relates to" airline rates, routes, or services. *Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996). Therefore, a claim relating to airline rates, routes or services that seeks to enforce terms of an agreement between the parties, rather than enforce a state law, will not be preempted by the ADA.

The Supreme Court in *Wolens* held that Plaintiff's breach of contract claim – which *was* related to an airline's rates and services – *was* nonetheless *not* preempted by the ADA.  In *Wolens*, the Supreme Court determined that all of plaintiff's claims which challenged American Airline's Frequent Flyer modifications related to rates and services.  *Id.* at 823.  However, the Supreme Court held that while Plaintiff's cause of action under the Illinois Consumer Fraud Act was preempted by the ADA, Plaintiff's breach of contract claim challenging the very same conduct was not preempted.  This determination was not made because the breach of contract claim was found to be unrelated to rates and services, and the other claim related; both claims related to rates and services.  Rather, the breach of contract claim was not preempted because a state does not enact or enforce any law by enforcing private agreements.  *Wolens,* at 824, *Travel All Over the World,* at 1431.

> We do not read the ADA's preemption clause, however, to shelter from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings. . .   Terms and conditions airlines offer and passengers accept are privately ordered obligations "and thus do not amount to a State's enactment or enforcement of any law". . . . A remedy confined to a contract's terms simply holds parties to their agreements.

*Wolens,* at 824, *Travel All Over the World,* at 1431.  The question therefore becomes whether Plaintiff's claims seek to enforce a self-imposed undertaking, not whether Plaintiff's claims are intertwined with airline rates and services.

Contrary to Defendant's argument, and unlike the plaintiff's claim in *Sanchez*, here

6

Plaintiff's breach of contract claim is based on specific provisions found in Delta's Contract of Carriage. The Court in *Sanchez* ruled that plaintiff's breach of contract claim was preempted by the ADA based on the fact that "plaintiff Maria Sanchez is attempting to impose obligations on Mexicana which Mexicana did not undertake in its contract of carriage." *Sanchez*, p. 7, ¶ 5. This fatal flaw is not present in this case. Here, Plaintiff has alleged that "[t]he terms of the parties' contract are set forth in the International Contract of Carriage" which "expressly incorporates 'applicable laws,' which include the Mexican General Law of Population. . ." (COMPLAINT ¶ 69.) Indeed, Defendant's International Contract of Carriage states, in Rule 1(C)(4) and in Rule 55(E) as follows:

> RULE 1 – GENERAL PROVISIONS
> C.    Application of International Conditions of Carriage
> > 4.    Overriding Law
> > > These Conditions of Carriage are applicable except to the extent that they are contrary to applicable laws, governmental regulations, or orders, in which event the contrary law, regulation or order shall prevail. If any provision of these Conditions of Carriage is invalid under any applicable law, the other provisions shall remain valid.
>
> RULE 55 – LIABILITY OF CARRIERS
> E.    Overriding Law – Insofar as any provision contained or referred to in the ticket or in this tariff may be contrary to a law, government regulation, order or requirement which severally cannot be waived by agreement of the parties, such provisions shall remain applicable and be considered as part of the contract of carriage to the extent only that such provision is not contrary thereto. The invalidity of any provision shall not affect any other part.

*See* Defendant's Exhibits 1 and 2 to Declaration of Scott McClain, pp. 2 and 33-34.

The Court in *Sanchez* found that the plaintiff there merely relied upon language "from Mexicana's website as the sole basis for imposing a duty on Mexicana. . ." *Sanchez*, p. 7, ¶ 4. It was held that this language from Mexicana's website "does not create any contractual obligation on the part of Mexicana to advise plaintiff of her rights or obligations regarding the payment or

7

non-payment of the Mexican tourism tax under Mexican law or her rights to a refund of the tax, nor does it create any other contractual obligation on the part of Mexicana with respect to plaintiff's rights or obligations relating to the Mexican tourism tax." *Id., citing Buck v. American Airlines, Inc.,* 476 F.3d 29, 36-38 (1st Cir. 2007).

In contrast to *Sanchez*, Plaintiff here has claimed that Delta has breached the provisions in its Contract of Carriage which incorporate and requires it to obey all applicable laws. Pursuant to the language of Rules 1(C)(4) and 55(E) quoted above, Delta has thus imposed upon itself the obligation to obey all applicable laws and regulations, including the Mexican General Law of Population. That law, in turn, exempts Plaintiff and the Class from paying the Mexican Non-Immigrant Tax. By charging such exempt travelers the Tax, Defendant is in violation of the Mexican General Law of Population, and thus in breach of contract.

*Buck*, in which the First Circuit held plaintiff's breach of contract claim based on the single word "nonrefundable" to have been properly dismissed, does not apply to our case. As in the *Sanchez* case, which as we have seen relied on *Buck* for precisely this point, the First Circuit in *Buck* upheld dismissal of the contract claim because there was no clause in the contract which expressly incorporated the federal regulations plaintiff sought to invoke. *Buck,* at 37. However, unlike the contract at issue in *Buck*, the contract at issue here explicitly incorporates applicable laws and regulations.

The cases on ADA preemption of claims for breach of contracts between airlines and their customers have held that when an airline's contract incorporates a law, the provisions of that law become part of the contract, and enforcement of those provisions does not expand the contractual obligations of the airline or result in preemption of the breach of contract claim. *See In Re American Airlines, Inc., Privacy Litigation*, 370 F.Supp.2d 552, 566 (N.D. TX 2005); *See also In Re Air Transportation Excise Tax Litigation*, 37 F. Supp. 2d 1133, 1140 (D. Minn. 1999)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

(holding that plaintiff's breach of contract claim was not preempted, based on *Wolens*, rejecting defendant's argument that the contract terms were "externally imposed" by the IRS). In *American Airlines, Inc., Privacy Litigation*, Defendant American Airlines maintained that plaintiff's breach of contract claim for violation of its privacy policy was preempted by the ADA (and should not qualify under the *Wolens* exception) because American had agreed to be bound to its privacy policy "except as required by law." *In Re American Airlines, Inc., Privacy Litigation*, 370 F.Supp.2d at 566. American argued unsuccessfully that such language enlarged and enhanced the parties' bargain by reference to external laws, and thus plaintiff's contract claim did not fit into the *Wolens* exception. *Id.* The District Court found that such a reference to applicable laws *did not* expand the obligations beyond the contract. *Id.* Holding that plaintiffs' breach of contract claim was not preempted[1], the District Court explained that "the laws that American maintains are external to the contract are expressly incorporated into it." *Id. See Also Delta Air Lines, Inc. v. Black,* 116 S.W.3d 745, 755 (Supreme Court of Texas, 2003) (holding contract between Delta and its passengers incorporated DOT and ADA regulations concerning denied boarding compensation, such that the terms of those regulatory provisions governed the contractual relationship between the parties).

Likewise, Delta's express incorporation of applicable laws and regulations is not an enlargement or enhancement of an airline's obligations based on state laws external to the agreement, as was the case in *Waul v. American Airlines, Inc.*, Not Reported in Cal.Rptr.3d, 2003 Cal. App. Unpub. LEXIS 10816, 2003 WL 22719273 (Cal.App. 1 Dist. 2003) (Defendant's Exhibit 3 to Declaration of Philip F. Atkins-Patterson). In that unreported case,

---

[1] The District Court in *In re American Airlines Privacy Litigation* found Plaintiffs' other non-contract claims for trespass to property, invasion of privacy, deceptive trade practices, and unjust enrichment to be preempted because they related to American Airline services. However, "this reasoning [did] not extend to an airline's self-imposed contractual undertakings." *Id.* at 564, fn. 23.

9

relied upon heavily by Delta, the plaintiff alleged no facts suggesting that the basis for the obligation he sought to enforce would be found within the terms of the contract. *Id.* at 4. Plaintiff in *Waul* did not allege breach of an express term of the agreement, but rather based its claims on consumers' reasonable belief. *Id.* It is thus distinguishable.[2] In the case at bar, as in *In Re American Airlines, Inc., Privacy Litigation*, Plaintiff relies on a contract that expressly incorporates applicable law, which Delta violated, and thus qualifies as an exception to ADA preemption under *Wolens*.

Plaintiff alleges violations of applicable law expressly incorporated into Delta's Contract of Carriage by Rules 1(C)(4) and 55(E). Such allegations go far beyond "bald and unsubstantiated assertions." Contrary to Defendant's argument that Plaintiff "fails to identify even a single word in Plaintiff's contract with Delta on which Plaintiff's claim for breach of contract is based," Plaintiff points to violations of the Mexican General Law of Population which is included in the laws and regulations which have been expressly incorporated into Delta's Contract of Carriage. (COMPLAINT ¶ 69.) Thus Plaintiff has not failed to state a claim upon which relief can be granted.

**B.    Plaintiff's Challenge of The Wrongful Imposition of a Tax is Unrelated to a Price, Route or Service of an Air Carrier, and Thus Is Not Preempted by the ADA**

The ADA prohibits a state from enacting or enforcing any law "related to a price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1). However, the Supreme Court in *Morales* did not set down a blanket rule preempting state law claims; rather, it left open the possibility that the ADA would not preempt nonprice-related claims, or any other state claim that is "too tenuous, remote, or peripheral to have preemptive effect." *Aloha Airlines v. Mesa Air Group,*

---

[2] *Morales* and *Rowe v. N.H. Motor Transp. Ass'n,* ___ U.S. ___, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008) on which Defendant relies, are even more easily distinguished. either *Morales,* which was decided before the Supreme Court decided *Wolens,* nor *Rowe* involved breach of contract claims, but rather claims that the airlines violated state statutes.

10

*Inc.*, 2007 U.S. Dist. LEXIS 19484 (D. Hawaii March 19, 2007), *citing Morales* at 390, and

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, n. 21 (1983). The Supreme Court in *Morales*

made clear that its decision was not intended to "give the airlines *carte blanche* to lie to and

deceive consumers." *Id*. The Ninth Circuit has pointed out that the *Morales* Court warned

against overextending the scope of preemption under the ADA. *Charas v. Trans World Airlines*,

160 F.3d 1259, 1264 (9th Cir. 1998) *citing Morales*, 504 U.S. at 388-390. "The Supreme Court

has cautioned us that preemption provisions are narrowly and strictly construed, and has directed

us to 'look at the provisions of the whole law, and to its object and policy.'" *Charas*, at 1264-

1265, *citing Kelly v. Robinson*, 479 U.S. 36, 43, 93 L.Ed. 2d 216, 107 S. Ct. 353 (1986).

In analyzing the relationship to prices, routes, or services, courts must also look to the

purpose of the ADA when determining whether it preempts state claims, so as not to give

airlines free reign to enrich themselves without state law consequences, and must look at the

underlying facts of the claims, whether contract, tort or otherwise. *Aloha Airlines v. Mesa Air*

*Group, Inc.*, 2007 U.S. Dist. LEXIS 19484 (D. Hawaii March 19, 2007) (holding that local

airlines' claims for fraud, breach of contract, and implied covenant of good faith and fair dealing

involving a confidentiality agreement were not preempted by the ADA).[3]

An analysis of the underlying facts of the claims in relationship to the purpose of the

ADA demonstrates that Plaintiff's claims are not related to a price, route or service of an air

carrier, and are thus not preempted by the ADA. Plaintiff is not challenging the price of Delta's

tickets, but rather the wrongful imposition of a Tax on exempt travelers which is added to the

---

[3] When at all possible, preemption of state laws should be avoided. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 523, 112 S.Ct, 2608, 2621, 120 L.Ed.2d 407, 427 (1992). Preemption is not favored "in the absence of persuasive reasons – either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakably so ordained." *Chicago & North Western Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed 2d 258, 264-265 (1981) (*quoting Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132 (1963)).

11

fare (see Comp. at ¶ 31). This Tax is not included in the fare, as Rule 36(B) of Delta's International Contract of Carriage sets forth:

> RULE 36 – PASSENGER EXPENSES EN ROUTE
> B.     TAXES & OTHER GOVERNMENT OR AIRPORT-
>        IMPOSED FEES OR CHARGES
>        Except as specifically provided to the contrary in any or
>        our regulations that may govern a particular itinerary or
>        fare, your fare excludes any taxes, or other government or
>        airport-imposed service charges or transit taxes. Any tax
>        or other charge imposed by government or airport
>        authority and collectable from a passenger will be in
>        addition to the published fares and charges.

*See* Defendant's Exhibits 1 and 2 to Declaration of Scott McClain, p. 25. Such a tax appears as "Other Charges" which are "not to be shown in the fare construction box of the ticket . . ." *See* Delta International Contract of Carriage Rule 5 Definitions, Defendant Exhibits 1 and 2 to Declaration of Scott McClain, p. 13. The Tax is separate from, and in addition to, the fare. Furthermore, the amount of the Tax imposed by Delta is set by the Mexican government, and is not affected by, nor does it affect, market conditions, which the ADA is aimed at protecting. Plaintiff's claims therefore do not threaten the economic deregulation of the airline industry, which was Congress's "clear and manifest purpose" in enacting the ADA. *See Charas,* at 1265, *citing Wolens*, at 230.

The Court in *Sanchez*, as well as Defendant Delta here, fail to address cases which have found challenges to similar conduct by airlines unrelated to prices, routes and services. The District Court in *In Re Air Transportation Excise Tax Litigation*, 37 F. Supp. 2d 1133 (D. Minn. 1999) held that plaintiff's claims for unjust enrichment, money had and received, and conversion based on defendant's *collection of an expired tax* were not related to a price, route or service of an air carrier, and thus were not preempted by the ADA. The U.S. District Court for the Central District of California, in *All World Professional Travel Services, Inc. v. American Airlines*, 282 F. Supp. 2d 1161 (C.D. Cal. 2003) found that plaintiff's unjust enrichment claim challenging

12

fees and penalties American imposed on travel agents did not refer to price and thus was not preempted by the ADA. As in these cases, Plaintiff's challenge to the imposition of an inapplicable Tax involves too tenuous a relationship to prices, routes, or services to be preempted by the ADA. *See also West v. Northwest Airlines, Inc.*, 995 F.2d 148, 151 (9th Cir. 1993) (claims challenging over-booking of flights and refusal to allow passengers to board not preempted); *Aloha* (claims of breach of a confidentiality agreement and use of that information to undercut a competitor not preempted); *Godner-Abravanel v. American Airlines*, 1997 U.S. Dist. LEXIS 19833 (N.D. Cal. October 27, 1997) and *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259 (9th Cir. 1998) (claims for personal injury not preempted); *Continental Airlines, Inc. v. Weiner*, 1999 U.S. Dist. LEXIS 16377 (C.D. Cal. March 29, 1999) (claims for improper sale of discount travel coupons by a travel agency not preempted); and *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186 (3rd Cir. 1998) (defamation claims not preempted).

*In Re Air Transportation Excise Tax Litigation* was a class action brought on behalf of FedEx customers who had entered into shipping contracts with defendant, FedEx. The gravamen of plaintiffs' claims was that FedEx, having represented in its contract documents that its rates included the excise tax, which had actually expired, wrongfully enjoyed a windfall by continuing to collect from plaintiffs an amount equal to the expired tax. Employing an "interpretative framework" which sought to distinguish between "(1) laws which have the effect of interfering with the ADA's purpose of achieving economic deregulation of the airline industry (preempted), and (2) laws which bear too tenuous, remote or peripheral a relation to an airline's prices, routes or services to have an adverse effect on airline competition (not preempted)," the court in *Air Transportation Excise Tax* found that plaintiffs' equitable and tort claims were not preempted by the ADA, because they did not affect prices, routes, or services.[4]

---

[4] The Court ultimately dismissed all of these claims as governed by the contract, because it held

13

> "The law of unjust enrichment, money had and received, and
> conversion, unlike the airline advertising rules at issue in *Morales*, do
> not affirmatively prescribe (or proscribe) the airlines' conduct in a
> way that impedes competition or adversely impacts the economics of
> the airline industry. *Charas*, 160 F.3d at 1261. These laws have
> 'nothing to do with the purpose of the airline deregulation'. *Id.* at
> 1263. They all provide, when the facts warrant it, for 'remedies that
> already existed at common law, and they do not significantly impact
> federal deregulation' in any articulable way. *Id.* at 1265. Further,
> enforcement of these laws would not 'frustrate the purpose' of the
> ADA. *Abdu-Brisson*, 128 F.3d at 84."

*Air Transportation Excise Tax* at 1140. In holding that Plaintiff's claims for unjust enrichment, money had and received, and conversion were not preempted by the ADA, the District Court went on to state that "Congress surely did not pass the ADA to give the airlines *carte blanche* to convert property or unjustly enrich themselves willy-nilly, immunized from state law consequences." *Id.*[5]

In *All World Professional Travel Services, Inc. v. American Airlines, Inc.*, 282 F.Supp. 2d 1161 (C.D. Cal. 2003), plaintiff travel agency filed a class action against American Airlines, alleging breach of contract, unjust enrichment, a RICO violation, and a claim for injunctive relief, for penalties it charged the agency for processing refunds through the ARC (a central clearing house for travel agents) for passengers whose flights were canceled shortly after 9/11. The District Court in *All World* cited the savings clause contained in the ADA,[6] as protecting the ability of states to control non-economic matters concerning airlines within their borders. *Id.* at 1167. The Ninth Circuit has also held that this savings clause, read together with the preemption

---

that the contract did not obligate FedEx to provide written notice to customers of a rate change. In contrast here, as Plaintiff has shown above, Delta *was* contractually obligated to obey all applicable laws and regulations.

[5] The court also went on to hold that plaintiff's breach of contract claim was not preempted, based on *Wolens*, rejecting defendant's argument that the contract terms were "externally imposed" by the IRS. *Id.*

[6] "Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." 49 U.S. C App. § 1506, modified and recodified as 49 U.S.C. § 40120(c) ("A remedy under this part is in addition to any other remedies provided by law.")

14

1  clause, "evidences congressional intent to prohibit states from regulating the airlines while

2  preserving state tort remedies that already existed at common law." *Charas v. TWA*, 160 F.3d

3  1259, 1265 (9th Cir. 1998) *citing* 49 U.S.C. § 40120.

4       The U.S. Central District Court of California, in *All World,* held that plaintiffs' claim that

5  American Airlines breached its contract by charging extra-contractual debit memos set forth a

6  claim for the breach of a self-imposed undertaking, which was thus not preempted by the ADA,

7  under *Wolens*. The Court then found that the unjust enrichment claim, while it did not qualify as

8  an exception under *Wolens*, was nonetheless not preempted because it did not refer to price, but

9  rather referred to American's imposition of fees and penalties on travel agents who had been

10  given a mandate by the government to issue post-September 11th passenger refunds. *All World,*

11  at 1170. "The Ninth Circuit has concluded that Congress intended to preempt only state laws

12  and lawsuits that would adversely affect the economic deregulation of the airlines and the forces

13  of competition within the airline industry." *Id.* The travel agency's claims were not preempted

14  in *All World* because they did not have the effect of regulating American's pricing policies,

15  commission structure or reservation practices, and "will not have any effect on the economic

16  deregulation and the forces of competition within the industry. Instead, only American's

17  treatment of travel agents will be affected." *Id.* at 1170-71.

18       Likewise, as in *Air Transportation Excise Tax* and *All World,* Plaintiff's challenge to

19  Defendant's imposition of an inapplicable tax does not relate to price, routes, or services of a

20  carrier, and does not significantly impact federal deregulation in any particularly way. Delta is

21  free to set whatever price it desires for its airline tickets, and the price of a ticket does not

22  depend upon visa status. (COMPLAINT ¶ 60.) Plaintiff merely seeks to ensure that an

23  inapplicable Tax is not imposed on travelers. Since the amount of the Tax imposed by Delta is

24  set by the Mexican government (COMPLAINT ¶ 31), Plaintiff's claims involving its wrongful

15

1    application "will not have any effect on the economic deregulation and the forces of competition

2    within the industry" and thus are not preempted by the ADA.  And because all of the Tax is

3    merely to pass through Delta and on to the Mexican government, its imposition or lack thereof

4    should have no effect on Delta's pricing policies one way or the other.  The mere fact that

5
     Defendant forces all passengers to pay "Taxes and Fees" along with the fare, which make it
6
7    easier to disguise and impose this inapplicable Tax, does not mean that the imposition of the Tax

8    is related to or affects the actual  price of the ticket, and should not be used to shield Defendant

9    from liability in this case.

10   **C.    Plaintiff Did Not Fail to Exhaust His Remedies, As Delta Has No Refund Policy or**
         **Procedure Governing Taxes Wrongfully Imposed on *Used* Tickets**
11

12          Plaintiff also has not failed to exhaust any remedies or follow any specific procedures set

13   forth in Delta's International Contract of Carriage regarding the wrongful collection of

14   international ticket taxes. Defendant admits that it places the onus on exempt travelers to seek

15
     refunds for routinely but "inadvertently" collected taxes that do not actually apply.  *See*
16
17   Defendant's Brief at p. 12.  However, the refund procedure Defendant references – Rule 90 of

18   the International Contract of Carriage – only applies to *unused* tickets, which does not include

19   Plaintiff or the members of the Class. Rule 90 A states as follows:  "RULE 90 REFUNDS A)

20   GENERAL RULES Delta will issue refunds on *unused* tickets or portions of tickets, subject to

21   the provisions of this rule." *See* Defendant Exhibits 1 and 2 to Declaration of Scott McClain, p.

22   57 (emphasis added).  Thus, all of the subsections under Rule 90 on which Defendant relies and
23
     cites on page 14 of its brief apply only to refunds for *unused* tickets.   There is simply no
24
25   provision in Delta's International Contract of Carriage which provides a procedure by which one

26   such as Plaintiff or a member of the proposed Class can request a refund for a wrongfully

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1    imposed tax on a *used* ticket.[7]  Therefore, Plaintiff's claims for breach of contract and breach of

2    the covenant of good faith and fair dealing should not be dismissed.

3                              **V.     CONCLUSION**

4           For the above stated reasons, Defendant's Motion to Dismiss Plaintiff's claims for

5

6    breach of contract and breach of the implied covenant of good faith and fair dealing should be

7    denied.  In the alternative, Plaintiff should be granted leave to file an amended complaint.

8

9                                                  Respectfully Submitted:

10

11   Dated:  July 22, 2008

                                 BY:

12                                       William A. Kershaw, State Bar No. 057486
                                         Lyle W. Cook, State Bar No. 148914
13                                       **KERSHAW, CUTTER, & RATINOFF LLP**
                                         401 Watt Avenue
14                                       Sacramento, California 95864
                                         Telephone:  (916) 448-9800
15                                       Facsimile:  (916) 669-4499

16                                       Jerome M. Marcus, Esquire
                                         Jonathan Auerbach, Esquire
17                                       **MARCUS & AUERBACH LLC**
                                         400 Greenwood Ave., Ste. 200
18                                       Wyncote, PA 19095
                                         Telephone:  (215) 885-2250
19                                       Facsimile:  (888) 875-0469

20                                       Carl J. Mayer, Esquire
                                         **MAYER LAW GROUP LLC**
21                                       1040 Avenue of the Americas
                                         Suite 2400
22                                       New York, NY 10018
                                         Telephone:  (212) 382-4686
23                                       Facsimile:  (212) 382-4687

24

25

26   [7]  Since Plaintiff is not contesting Delta's ticket refund polices, which do not apply to Plaintiff
     and the members of the Class, *Statland v. American Airlines, Inc.,* 998 F.2d 539 (7th Cir. 2007),
27   *Howell v. Alaska Airlines, Inc.,* 99 Wn. App. 646, 994 P.2d 901 (Wash. Ct. App. 2000)*, and
     Blackner v. Cont'l Airlines, Inc.,* 311 N.J. Super. 10, 709 A.2d 258 (N.J. Super. Ct. App. Div.
28   1998) do not apply to this case.

                                         17

     PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS